## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ------------------------------------------------------ § <br> § <br> S2S INNOVATIONS INC. § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> TARRY MEDICAL PRODUCTS INC. d/b/a § <br> Dandle·LION MEDICAL § <br> § <br> Defendant. § <br> § <br> § <br> ------------------------------------------------------ § | CIVIL ACTION NO. 3:17-cv-1778 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff S2S Innovations Inc. ("S2S" or "Plaintiff") for its complaint of patent infringement against Defendant Tarry Medical Products, Inc. d/b/a Dandle·LION Medical ("Tarry Medical Products" or "Defendant"), alleges as follows:

### NATURE OF THE ACTION

1.      This is a civil action against Tarry Medical Products for patent infringement arising under the patent statutes of the United States, 35 U.S.C. § 271 *et seq.* for the infringement of United States Patent Nos. 9,289,076 (the "'076 Patent"); 9,339,119 (the "'119 Patent"); 9,492,019 (the "'019 Patent"); and 9,603,466 (the "'466 Patent"); (collectively the "Asserted Patents"). True and correct copies of the '076 Patent, the '119 Patent, the '019 Patent, and the '466 Patent are attached to this Complaint as Exhibits 1, 2, 3, and 4, respectively. Plaintiff seeks injunctive relief to prevent Defendant from continuing to infringe the Asserted Patents and recovery of monetary damages resulting from Defendant's infringement of the Asserted Patents.

2.      This action for patent infringement involves Tarry Medical Products' manufacture, use, sale, offer for sale, and/or importation into the United States of infringing baby

supports, including the KangaROO Kuddler ("KK1"), KangaROO Kuddler 2 ("KK2"), and the revised KangaROO Kuddler 2 ("Revised KK2") (collectively, the "Accused Products").

## THE PARTIES

3.      Plaintiff S2S Innovations Inc. is a corporation incorporated under the laws of the Province of Ontario, with its principal place of business located at 3 Copeland Avenue, Toronto, Ontario, Canada M4C 1A9.

4.      On information and belief, Defendant Tarry Medical Products, Inc. is a corporation incorporated under the laws of the State of Connecticut with its principal place of business located at 22 Shelter Rock Lane, Danbury, CT 06810.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this patent infringement action under 28 U.S.C. §§ 1331 and 1338(a).

6.      Tarry Medical Products is subject to personal jurisdiction in this judicial district because, on information and belief, it maintains its principal place of business in Connecticut.

7.      This Court also has personal jurisdiction over Tarry Medical Products because Tarry Medical Products regularly transacts business in this judicial district by, among other things, selling and offering for sale its products, including the Accused Products, to customers located in Connecticut and has committed, aided, abetted, contributed to, and/or participated in the commission of a tortious act of patent infringement in Connecticut under 35 U.S.C. § 271 that has led to harm and injury to S2S and will lead to further foreseeable harm and injury to S2S.

8.      Venue is proper in this District under 28 U.S.C. §§ 1400(a) and 1400(b).  On information and belief, Tarry Medical Products resides in this District, has transacted business in

this District, has committed acts of patent infringement in this District, and has a regular and established place of business in this District.

## BACKGROUND

9.      S2S was founded by sisters Hayley Mullins and Ashley Wade.  S2S develops and markets a hands-free baby support (the "SleepBelt") that facilitates safe and secure skin-to-skin contact with babies.

10.     S2S's SleepBelt baby support is recommended by La Leche League International, a non-governmental, nonprofit organization that organizes advocacy, educational, and training related to breast feeding, which is present in 85 countries.

11.     S2S's SleepBelt baby support is used in over one hundred hospitals worldwide, including the United States and Canada.

12.     Reflecting on S2S's many innovations in baby support development, S2S holds six (6) U.S. patents and applications, including four (4) issued utility patents, one (1) design patent, and one (1) pending utility application.

13.     S2S's issued patents and pending application are generally directed to baby supports:



*See* Exs. 1–4.

14.     On March 22, 2016, the U.S. Patent and Trademark Office duly and legally issued the '076 Patent, entitled "Baby Support," to inventor Hayley Mullins.

15.     S2S is the owner, by assignment, of all rights, title, and interest in the '076 Patent.

16.     On May 17, 2016, the U.S. Patent and Trademark Office duly and legally issued the '119 Patent, entitled "Baby Support," to inventor Hayley Mullins.

17.     S2S is the owner, by assignment, of all rights, title, and interest in the '119 Patent.

18.     On November 15, 2016, the U.S. Patent and Trademark Office duly and legally issued the '019 Patent, entitled "Baby Support," to inventor Hayley Mullins.

19.     S2S is the owner, by assignment, of all rights, title, and interest in the '019 Patent.

20.     On March 28, 2017, the U.S. Patent and Trademark Office duly and legally issued the '466 Patent, entitled "Baby Support," to inventor Hayley Mullins.

21.     S2S is the owner, by assignment, of all rights, title, and interest in the '466 Patent.

22.     On information and belief, Tarry Medical Products provides various hospital products, including arm boards, incubator accessories, and infant care products.  Tarry Medical Products' Dandle·LION Medical provides neurodevelopmental positioning aids, organic skin care products, and kangaroo care accessories.  *See* http://www.dandlelionmedical.com/.

23.     On information and belief, Tarry Medical Products made the Accused Products available through Tarry Medical Products' website at least as early as March 22, 2016.  As shown on Tarry Medical Products' website, the Accused Products infringe at least some claims of the Asserted Patents.  For example, "[t]he KangaROO Kuddler wraps snugly around the parent and baby, providing support and holding the baby securely on the chest or between Mom's breasts."  Tarry Medical Products' KangaROO Kuddler website, accessed on October 10, 2017 (and October 23, 2017) at http://www.dandlelionmedical.com/products/kangaroo-kuddler/:



## COUNT I: INFRINGEMENT OF THE '076 PATENT

24.     S2S adopts and incorporates by reference each of the above paragraphs.

25.     On information and belief, Tarry Medical Products directly infringes (literally and/or under the doctrine of equivalents) at least claims 1, 3, 7, 8, and 12–20 of the '076 Patent by making, using, selling, and/or offering to sell the Accused Products.

26.     On information and belief, Tarry Medical Products will continue to infringe the claims of the '076 Patent unless enjoined by this Court.

27.     S2S has been and will continue to be irreparably harmed by Tarry Medical Products' infringing acts, requiring the entry of a permanent injunction to prevent Tarry Medical Products' further infringement of the '076 Patent because S2S does not have another adequate remedy at law.

28.     On information and belief, Tarry Medical Products indirectly infringes the '076 Patent by inducing others to directly infringe the '076 Patent.  Tarry Medical Products induces end-users and customers to directly infringe (literally and/or under the doctrine of equivalents) the '076 Patent by using the Accused Products.  Tarry Medical Products took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '076 Patent.  Such steps by Tarry Medical Products included, among other things, advising or directing customers and end-users to use the Accused Products in an infringing manner, advertising and promoting the use of the Accused Products in an infringing manner, and/or distributing instructions that guide users to use the Accused Products in an infringing manner. Tarry Medical Products performed these steps, which constitute induced infringement with knowledge of the '076 Patent and with knowledge that the induced acts would constitute infringement.  Defendant was and is aware that the normal and customary use of the Accused Products by its customers would infringe the '076 Patent.

29.     On information and belief, Tarry Medical Products indirectly infringes the '076 Patent by contributing to the infringement of the '076 Patent.  Tarry Medical Products contributes to the direct infringement of the '076 Patent by the end-user of the Accused Products. The Accused Products have special features that are specially designed to be used in an infringing way and have no substantial uses other than ones that infringe the '076 Patent.  The special features include a soft body and adjustable fastener to secure a baby that infringes the '076 Patent.  The special features constitute a material part of the invention of one or more of the claims of the '076 Patent and are not staple articles of commerce suitable for substantial non-infringing use.

30.     On information and belief, Tarry Medical Products' infringement of the '076 Patent has been and continues to be willful and deliberate.  Tarry Medical Products has infringed and continues to infringe one or more claims of the '076 Patent despite having notice of the '076 Patent and of the high risk that the Accused Products infringe one or more claims of the '076 Patent.

## COUNT II: INFRINGEMENT OF THE '119 PATENT

31.     S2S adopts and incorporates by reference each of the above paragraphs.

32.     On information and belief, Tarry Medical Products directly infringes (literally and/or under the doctrine of equivalents) at least claims 1, 3, 7, 8, 9, and 11–19 of the '119 Patent by making, using, selling, and/or offering to sell the Accused Products.

33.     On information and belief, Tarry Medical Products will continue to infringe the claims of the '119 Patent unless enjoined by this Court.

34.     S2S has been and will continue to be irreparably harmed by Tarry Medical Products' infringing acts, requiring the entry of a permanent injunction to prevent Tarry Medical Products' further infringement of the '119 Patent because S2S does not have another adequate remedy at law.

35.     On information and belief, Tarry Medical Products indirectly infringes the '119 Patent by inducing others to directly infringe the '119 Patent.  Tarry Medical Products induces end-users and customers to directly infringe (literally and/or under the doctrine of equivalents) the '119 Patent by using the Accused Products.  Tarry Medical Products took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '119 Patent.  Such steps by Tarry Medical Products included, among other things, advising or directing customers and end-users to use the Accused Products in an infringing manner,

advertising and promoting the use of the Accused Products in an infringing manner, and/or distributing instructions that guide users to use the Accused Products in an infringing manner. Tarry Medical Products performed these steps, which constitute induced infringement with knowledge of the '119 Patent and with knowledge that the induced acts would constitute infringement.  Defendant was and is aware that the normal and customary use of the Accused Products by its customers would infringe the '119 Patent.

36.    On information and belief, Tarry Medical Products indirectly infringes the '119 Patent by contributing to the infringement of the '119 Patent.  Tarry Medical Products contributes to the direct infringement of the '119 Patent by the end-user of the Accused Products. The Accused Products have special features that are specially designed to be used in an infringing way and have no substantial uses other than ones that infringe the '119 Patent.  The special features include a soft body and adjustable fastener to secure a baby that infringes the '119 Patent.  The special features constitute a material part of the invention of one or more of the claims of the '119 Patent and are not staple articles of commerce suitable for substantial non-infringing use.

37.    On information and belief, Tarry Medical Products' infringement of the '119 Patent has been and continues to be willful and deliberate.  Tarry Medical Products has infringed and continues to infringe one or more claims of the '119 Patent despite having notice of the '119 Patent and of the high risk that the Accused Products infringe one or more claims of the '119 Patent.

### COUNT III: INFRINGEMENT OF THE '019 PATENT

38.    S2S adopts and incorporates by reference each of the above paragraphs.

39.     On information and belief, Tarry Medical Products directly infringes (literally and/or under the doctrine of equivalents) at least claims 1, 3, 7, 8, 10, and 12–17 of the '019 Patent by making, using, selling, and/or offering to sell the Accused Products.

40.     On information and belief, Tarry Medical Products will continue to infringe the claims of the '019 Patent unless enjoined by this Court.

41.     S2S has been and will continue to be irreparably harmed by Tarry Medical Products' infringing acts, requiring the entry of a permanent injunction to prevent Tarry Medical Products' further infringement of the '019 Patent because S2S does not have another adequate remedy at law.

42.     On information and belief, Tarry Medical Products indirectly infringes the '019 Patent by inducing others to directly infringe the '019 Patent.  Tarry Medical Products induces end-users and customers to directly infringe (literally and/or under the doctrine of equivalents) the '019 Patent by using the Accused Products.  Tarry Medical Products took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '019 Patent.  Such steps by Tarry Medical Products included, among other things, advising or directing customers and end-users to use the Accused Products in an infringing manner, advertising and promoting the use of the Accused Products in an infringing manner, and/or distributing instructions that guide users to use the Accused Products in an infringing manner.  Tarry Medical Products performed these steps, which constitute induced infringement with knowledge of the '019 Patent and with knowledge that the induced acts would constitute infringement.  Defendant was and is aware that the normal and customary use of the Accused Products by its customers would infringe the '019 Patent.

43.     On information and belief, Tarry Medical Products indirectly infringes the '019 Patent by contributing to the infringement of the '019 Patent.  Tarry Medical Products contributes to the direct infringement of the '019 Patent by the end-user of the Accused Products. The Accused Products have special features that are specially designed to be used in an infringing way and have no substantial uses other than ones that infringe the '019 Patent.  The special features include a soft body and adjustable fastener to secure a baby that infringes the '019 Patent.  The special features constitute a material part of the invention of one or more of the claims of the '019 Patent and are not staple articles of commerce suitable for substantial non-infringing use.

44.     On information and belief, Tarry Medical Products' infringement of the '019 Patent has been and continues to be willful and deliberate.  Tarry Medical Products has infringed and continues to infringe one or more claims of the '019 Patent despite having notice of the '019 Patent and of the high risk that the Accused Products infringe one or more claims of the '019 Patent.

## **COUNT IV: INFRINGEMENT OF THE '466 PATENT**

45.     S2S adopts and incorporates by reference each of the above paragraphs.

46.     On information and belief, Tarry Medical Products directly infringes (literally and/or under the doctrine of equivalents) at least claims 1, 3, 7, 8, and 12–15 of the '466 Patent by making, using, selling, and/or offering to sell the Accused Products.

47.     On information and belief, Tarry Medical Products will continue to infringe the claims of the '466 Patent unless enjoined by this Court.

48.     S2S has been and will continue to be irreparably harmed by Tarry Medical Products' infringing acts, requiring the entry of a permanent injunction to prevent Tarry Medical

Products' further infringement of the '466 Patent because S2S does not have another adequate remedy at law.

49.     On information and belief, Tarry Medical Products indirectly infringes the '466 Patent by inducing others to directly infringe the '466 Patent.  Tarry Medical Products induces end-users and customers to directly infringe (literally and/or under the doctrine of equivalents) the '466 Patent by using the Accused Products.  Tarry Medical Products took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '466 Patent.  Such steps by Tarry Medical Products included, among other things, advising or directing customers and end-users to use the Accused Products in an infringing manner, advertising and promoting the use of the Accused Products in an infringing manner, and/or distributing instructions that guide users to use the Accused Products in an infringing manner. Tarry Medical Products performed these steps, which constitute induced infringement with knowledge of the '466 Patent and with knowledge that the induced acts would constitute infringement.  Defendant was and is aware that the normal and customary use of the Accused Products by its customers would infringe the '466 Patent.

50.     On information and belief, Tarry Medical Products indirectly infringes the '466 Patent by contributing to the infringement of the '466 Patent.  Tarry Medical Products contributes to the direct infringement of the '466 Patent by the end-user of the Accused Products. The Accused Products have special features that are specially designed to be used in an infringing way and have no substantial uses other than ones that infringe the '466 Patent.  The special features include a soft body and adjustable fastener to secure a baby that infringes the '466 Patent.  The special features constitute a material part of the invention of one or more of the

claims of the '466 Patent and are not staple articles of commerce suitable for substantial non-infringing use.

51.     On information and belief, Tarry Medical Products' infringement of the '466 Patent has been and continues to be willful and deliberate.  Tarry Medical Products has infringed and continues to infringe one or more claims of the '466 Patent despite having notice of the '466 Patent and of the high risk that the Accused Products infringe one or more claims of the '466 Patent.

### DEFENDANT'S INFRINGEMENT IS WILLFUL

52.     Tarry Medical Products was on notice of its infringement at least as early as July 5, 2016, when Hayley Mullins sent an email to Cathy Bush regarding S2S's patents in view of Accused Products.

53.     In response to the July 5, 2016 email from Hayley Mullins to Cathy Bush regarding notice of infringement and S2S's patent portfolio, Tarry Medical Products responded through outside counsel, Kelly Nowak, denying infringement of the Asserted Patents.

54.     Thereafter, from April 11, 2017 to September 11, 2017, Tarry Medical Products and S2S, through counsel, exchanged correspondence in an attempt to resolve issues outside of court.

55.     For example, Ms. Nowak expressed in a May 19, 2017 letter:

Notwithstanding the foregoing, our client is willing to work with your client in connection with its KKuddler 2.  In particular, our client is open to discussing possible licensing options with your client only in connection with its current version of the KKuddler 2.  In the alternative, our client is willing to cease making, using, selling or offering for sale only its current version of the KKuddler 2.  As for the KangaROO Kuddler, our client is not willing to cease making, using, selling or offering for sale its KangaROO Kuddler.

56.     On information and belief, Tarry Medical Products revised its KK2 in May 2017 in light of S2S's allegations of infringement:

While Tarry Medical Products' continues to be of the opinion that its original KK2 does not infringe any of Sleepbelt's patents, for purposes of settlement only Tarry Medical Products ceased making, using, selling or offering for sale only its original KK2 in May 2017.  In July 2017 Tarry Medical Products initiated production and sales of its current revised KK2, which is designed akin to the KK1 design. For the reasons as set forth herein, and in the letter dated May 19, 2017, our client is of the opinion that neither the KK1 nor the revised KK2 infringe any claim of the '076, '119, '019, or '466 patents.

57.     On information and belief, despite alleging that it has ceased making, using, selling, or offering for sale the KK2, Tarry Medical Products continues to display and demonstrate same at national conferences, e.g., at the Academy of Neonatal Nursing (ANN) 17th Annual National Conference in Las Vegas, NV.  The following is a photograph of the display of the Accused Products taken at the ANN 17th Annual National Conference.



## PRAYER FOR RELIEF

WHEREFORE, S2S prays the Court to:

a)    Adjudge and decree that Defendant has infringed the '076 Patent, the '119 Patent, the '019 Patent, and the '466 Patent;

b)    Permanently enjoin Defendant and its subsidiaries, affiliates, successors, and assigns an each of their officers, directors, agents, servants, employees, licensees, and all persons acting in concert or active participation with them, or on their behalf, or within their control, from engaging in any acts that constitute infringement of the '076 Patent, the '119 Patent, the '019 Patent, and the '466 Patent ;

c)    Order an accounting, including a post-verdict accounting, to determine the damages to be awarded to Plaintiff as a result of Defendant's infringement;

d)    Enter an award to Plaintiff of such damages as it shall prove at trial against Defendant that are adequate to compensate Plaintiff for said infringement, such damages to be no less than a reasonable royalty together with interest and costs, pursuant to 35 U.S.C. § 284;

e)    Award Plaintiff enhanced damages, in the form of treble damages, in view of Defendant's willful infringement, pursuant to 35 U.S.C. § 284;

f)    Assess pre-judgment interest and post-judgment interest and costs, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

g)    Award Plaintiff reasonable attorney fees in view of the fact that this is an exceptional case, pursuant to 35 U.S.C. § 285; and

h)    Award Plaintiff such further relief as this Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

S2S demands a trial by jury of all matters to which it is entitled to a trial by jury pursuant to Federal Rule of Civil Procedure 38.

Dated:  October 23, 2017

Respectfully submitted,

By: /s/ Jeffrey I. D. Lewis

Jeffrey I.D. Lewis (#ct13599)
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of Americas
New York, NY 10019
Tel:     (212) 318-3363
Fax:     (212) 318-3400
jeffrey.lewis@nortonrosefulbright.com

Robert Greeson (*to be admitted pro hac vice*)
NORTON ROSE FULBRIGHT US LLP
2200 Ross Avenue, Suite 3600
Dallas, TX 75201
Tel:     (214) 855-7430
Fax:     (214) 855-8200
robert.greeson@nortonrosefulbright.com

Erik Janitens (*to be admitted pro hac vice*)
NORTON ROSE FULBRIGHT US LLP
1301 McKinney St., Suite 5100
Houston, TX 77010
Tel:     (713) 651-3269
Fax:     (713) 651-5246
erik.janitens@nortonrosefulbright.com

*Attorneys for Plaintiff S2S Innovations Inc.*